**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| JENNIFFER DEL CARMEN ROSARIO MONCION,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ROKOSKY, in his official capacity as Director/Warden of Elizabeth Correctional Detention Facility, et al.,<br><br>Defendants. | Civil No. 26-8384-RMB<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon Petitioner Jenniffer Del Carmen Rosario Moncion's ("Petitioner's") second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Docket No. 1 (the "Petition").] Petitioner alleges that her immigration detention is unlawful because her bond hearing before an Immigration Judge did not comport with her right to due process. For the reasons that follow, the Court will **DENY** the Petition to the extent it seeks any relief beyond that previously granted by the Court.

1. On March 17, 2026, this Court granted Petitioner's first Writ of Habeas Corpus challenging her detention without a bond hearing as unlawful. *Rosario Moncion*

*v. Rokosky*, No. 26-2718 [Docket No. 9.] The Court ordered Respondents[1] to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide her with an individualized bond hearing before an Immigration Judge. [*Id.*]

2. On April 8, 2026, Petitioner appeared before Immigration Judge Leila Mullican ("Judge Mullican") for an individualized bond hearing. [Petition, Ex. A ("Tr. of Bond Hearing").] At the conclusion of the bond hearing, Judge Mullican found that Petitioner was a flight risk and denied bond. [Petition, Ex. C, at 4–5.]

3. On July 8, 2026, Petitioner filed the instant Petition along with a Motion for Temporary Restraining Order [Docket No. 2]. That same day, this Court enjoined Respondents from transferring Petitioner from New Jersey pending further Order of the Court, and dismissed Petitioner's Motion for Temporary Restraining Order requesting the same. [Docket No. 4.]

4. On July 10, 2026, the Court determined upon screening that dismissal of the Petition without a full answer from Respondents was not warranted and ordered Respondents to file an expedited answer to the Petition. [*Id.*]

5. On July 30, 2026, Respondents filed a timely Response [Docket Nos. 7–8] and Petitioner filed a timely Reply on August 2, 2026 [Docket No. 9].

---

[1] Respondents are: Eric Rokosky, in his official capacity as Director/Warden of Elizabeth Correctional Detention Facility; Arthur J. Wilson Jr., in his official capacity as Field Office Director, New Jersey Field Office, U.S. Immigration & Customs Enforcement; Todd Blanche, in his official capacity as Attorney General, U.S. Department of Justice; Markwayne Mullin, in his official capacity as Acting Secretary, U.S. Department of Homeland Security; and Todd M. Lyons, in his official capacity as Acting Director, U.S. Immigration & Customs Enforcement.

6. "[W]hile this Court does not have jurisdiction to review the IJ's discretionary decision to grant or deny bond, it may review whether a bond hearing was fundamentally unfair and thus violated the Due Process Clause of the Fifth Amendment." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 553 (D.N.J. 2026) (citing *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)). This "preserves a district court's inherent power to enforce its habeas orders by ensuring that the individualized bond hearings are not shams and otherwise comply with the detainee's due process rights." *Id.* (quoting *Shonhai v. Lowe*, No. 24-229, 2026 WL 538865, at *10 (M.D. Pa. Feb. 26, 2026)).

7. After review of the parties' submissions and consideration of their arguments, this Court concludes that Petitioner has not shown that her bond hearing was fundamentally unfair.

8. In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2 (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

9. Petitioner submitted documents to the Immigration Court, including a certification regarding her lack of criminal history, proof of address, and her asylum application, as well as four signed letters of support from employers and friends in the United States. [Docket No. 7, Ex. 2.]

10. Petitioner's counsel presented the documents to Judge Mullican for review and made arguments on Petitioner's behalf at the April 8, 2026, bond hearing. [*Id.*; Tr. of Bond Hearing 27–48, 63–66.]

11. Petitioner argues that Judge Mullican "effectively accepted the truth of the foreign [criminal] allegations while simultaneously disregarding Petitioner's explanation that those allegations were connected to the persecution from which she fled as well as a document evidencing her lack of criminal record in the DR [Dominican Republic]." [Petition 3.] Petitioner also asserts that Judge Mullican's "assessment of dangerousness and flight risk required by due process … turned almost entirely upon unresolved accusations that remain actively disputed." [*Id.*]

12. Petitioner further argues that Judge Mullican did not "meaningfully engage with Petitioner's lack of criminal history in both nations, employment history, family support, community ties, and the fact that she was not accused of committing the homicide itself." [*Id.* at 4 (alteration in original).]

13. At the April 8, 2026, bond hearing, Judge Mullican explained that Petitioner "arrived to the United States on March 28, 2023, illegally. The alleged murder took place in February of 2023. She had a judicial warrant for arrest in the Dominican Republic on May 4, 2023." [Tr. of Bond Hearing 68–70.] In Judge Mullican's view, Petitioner "ran from prosecution in her home country." [*Id.* at 70–71.] Although Judge Mullican "understand[ood] that [Petitioner's] claiming that she's being set up, … that's a claim that she can make in detention during removal proceedings." [*Id.* at 70–72.] Judge

Mullican also considered that Petitioner "did not file for any type of relief in the United States until she was detained." [*Id.* at 72–73.]

14. Judge Mullican ultimately concluded that Petitioner "has not shown she is not a flight risk or danger, considering she has very serious criminal charges in her home country and has not applied for asylum prior to this point, so the Court is denying bond." [*Id.* at 74–76.]

15. Petitioner's arguments are challenges to Judge Mullican's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem,* 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

16. This Court does not express any opinion on whether Judge Mullican came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing. Any challenge to the decision must be presented to the Board of Immigration Appeals. Accordingly,

**IT IS,** on this **26th** day of **August** **2026**, hereby:

**ORDERED** that the Court finds and declares that the April 8, 2026, bond hearing before Immigration Judge Leila Mullican was conducted in a manner that was fundamentally fair and comported with the requirements of due process; and it is further

**ORDERED** that, for the reasons set forth above, the Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED** to the extent it seeks any relief beyond that previously granted by the Court; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**/s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge